IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KNOWMADICS, INC.,
3901 Centerview Drive, Suite E
Chantilly, Virginia 20151

    Plaintiff,

v.

JOUBEH TECHNOLOGIES INCORPORATED,
6538 Collins Avenue, Suite 260
Miami Beach, Florida 33141

11 Thornhill Drive, Suite 201
Dartmouth, Nova Scotia B3B 1R9

AND

ANTHONY CHEDRAWY,
155 Lakeshore Park Terrace
Dartmouth, Nova Scotia B3A 3Z7

    Defendants.

Case No.: 1:14cv78 GBL/IDD

FILED JAN 23 2014 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## COMPLAINT

Plaintiff, Knowmadics, Inc. ("Knowmadics" or "Plaintiff"), by counsel, for its Complaint against Defendants, JouBeh Technologies Incorporated ("JouBeh Technologies") and Anthony Chedrawy ("Chedrawy") (collectively, "Defendants"), states the following:

### INTRODUCTION

1.     This is an action for injunctive relief and monetary damages resulting from Defendants' willful and malicious misappropriation of trade secrets and unjust enrichment.

## PARTIES

2. Plaintiff Knowmadics is a Virginia corporation with its principal place of business located at 3901 Centerview Drive, Suite E, Chantilly, Virginia 20151.

3. Defendant JouBeh Technologies is a Canadian corporation with offices in Nova Scotia and Miami Beach, Florida. Additionally, JouBeh Technologies conducts substantial business activity in Virginia through its American subsidiary, JouBeh Technologies, LLC, a Virginia limited liability company with its principal place of business in Ashburn, Virginia.

4. Upon information and belief, Defendant Chedrawy is a dual citizen of the United States of America and Canada. Chedrawy controls 75% of the shares of Defendant JouBeh Technologies, Inc.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, or alternatively, is between a citizen of a State and citizens or subjects of a foreign State.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this district.

## FACTS

7. This civil action concerns the interplay between telematics and data analytics.

8. Telematics is a branch of Information Technology that concerns the transmission of information over long distances in real time. Telematics often refers to the combination of wireless communications with GPS tracking. For example, telematics is the technology behind the navigational tool found in many modern automobiles that allows the driver to locate his/her

position, plan a route, and navigate a journey. Similarly, telematics allows the monitoring and tracking, for example, of a fleet of shipping vessels.

9. Data analytics is the process of "making sense" of large amounts of raw data. It often involves sophisticated computer software and algorithms that mine and sort through data to, for example, identify trends and predict future behavior. Governments and private businesses rely heavily on data analytics to "make sense" of the enormous amounts of data now available as a result of modern technology.

10. Iridium Communications, Inc. ("Iridium"), a Delaware corporation with its principal place of business in McLean, Virginia, operates a constellation of approximately sixty-six (66) satellites that provide world-wide coverage.

11. At all times relevant, JouBeh Technologies has been in the business of selling telematics modems that utilize the Iridium satellite constellation to transmit data around the world in real time.

12. Louis M. Brown ("Brown") is the Chairman of the Board and Director of Knowmadics and an established entrepreneur and leader in the technology industry who has owned a data analytics company since 2012. In April 2013, Paul Maguire ("Maguire") introduced Brown to Paul Sangster ("Sangster"), who at the time was President and a 25% owner of Joubeh Technologies.

13. In April 2013 a confidential business plan was created by the directors of Knowmadics to combine data analytics capabilities with a business operating in the telematics space. Also in April of 2013, Brown met with JouBeh Technologies President and CEO Paul Sangster. In follow-up to this meeting, Claire Ostrum ("Ostrum"), of Knowmadics, scheduled a

meeting with Chedrawy to discuss the confidential business plan to integrate Brown's existing data analytics services with JouBeh Technologies' telematics services.

14. Based on Chedrawy's representations, Ostrum, representing Brown's interest, traveled to Boston to meet with Chedrawy. Brown had previously met with Ostrum and believed her to be best suited to run the new company should the transaction go forward.

15. On April 25, 2013, Ostrum met with Chedrawy in Boston. During the meeting, Chedrawy again represented that he was very interested in the confidential business venture. Chedrawy requested specific confidential details of how Brown and Ostrum planned on integrating the two businesses, as well as a formal offer for the sale of JouBeh Technologies. Brown and Ostrum's plan was, in effect, a blueprint for creating an entirely new business platform and for providing services that would employ, in part, the telematics services that JouBeh Technologies already provided, thereby adding substantial value to JouBeh Technologies' existing business. Accordingly, Knowmadics required, and Chedrawy agreed, that the details of the business be kept confidential and that the plan not be "shopped" to another data analytics firm.

16. Thereafter, Brown and Ostrum invested substantial time, effort and resources to develop the confidential business plan and other confidential information requested by Chedrawy.

17. On May 8, 2013, Plaintiff provided Chedrawy with a confidential detailed presentation of the business plan and a confidential Letter of Intent ("LOI").

18. On May 31, 2013, Chedrawy executed the confidential LOI.

19. The executed LOI provided that Knowmadics would acquire 100% of the stock of JouBeh Technologies in exchange for certain agreed-upon consideration.

20. The LOI further contemplated that the parties would execute a purchase agreement no later than July 7, 2013, and that the transaction would close no later than September 1, 2013.

21. On May 31, 2013, the same day that Chedrawy executed the LOI, representatives of Knowmadics traveled to Nova Scotia to begin the due diligence process, at substantial cost to Knowmadics. Thereafter, Plaintiff retained attorneys to prepare the transactional documents contemplated in the confidential LOI and conducted certain confidential due diligence activities, including a trip to JouBeh Technologies' corporate offices in Nova Scotia.

22. On June 25, 2013, Knowmadics filed its articles of incorporation with Virginia's State Corporation Commission.

23. The proposed transactions did not close by September 1, 2013.

24. Instead, Defendants misappropriated the confidential business plan and all of the confidential details of the Knowmadics/JouBeh LOI and secretly "shopped" the proposal to another data analytics firm without Plaintiff's authorization or consent.

25. As a direct consequence of these willful and malicious actions by Defendants, Plaintiff's confidential business opportunity and detailed plans have been destroyed and Defendants have been unjustly enriched by stealing Plaintiff's trade secrets and confidential business information.

## Count I
### Violation of the Virginia Trade Secrets Act

26. The allegations in paragraphs 1 to 26 above are incorporated as if fully set forth herein.

27. Plaintiff's confidential business plan and detailed operation plans (hereafter "trade secrets") derived independent economic value from not being generally known to, and not being

readily ascertainable by proper means by, other persons or businesses that can obtain economic value from the trade secrets disclosure or use.

28. At all times, Plaintiff took reasonable efforts to protect its confidential business plan and detailed operation plans, including confidentiality obligations, restricted need-to-know access, and physical security measures.

29. There exists the threatened or actual misappropriation of trade secrets by Defendants by acquiring, disclosing and/or using, by improper means, the Plaintiff's trade secrets for Defendants' own benefit and/or the benefit of others without Plaintiff's authorization or consent.

30. At all times, the acts of trade secrets misappropriation by Defendants were willful and malicious.

31. Plaintiff has sustained substantial damages and will continue to sustain damages caused by Defendants' trade secrets misappropriation.

32. Plaintiff is also entitled to injunctive relief to prevent the continuing trade secrets misappropriation by Defendants.

### Count II
### Unjust Enrichment

33. The allegations in Paragraphs 1 to 26 above are incorporated as if fully set forth herein.

34. Defendants have gained benefit by accessing, disclosing and using Plaintiff's proprietary information.

35. Defendants are aware of the benefit thereby gained.

36. Under the circumstances, it would be right for Defendants to return the benefit that they have willfully and maliciously gained at Plaintiff's expense.

37. Defendants have therefore been unjustly enriched by their use of Plaintiff's proprietary business information.

## PRAYER FOR RELIEF

WHEREFORE, Knowmadics, Inc., respectfully requests that this Court enter the following relief against the Defendants:

a. preliminary and permanent injunctive relief pursuant to VA. Code Ann. § 59.1-337 (2013) restraining and enjoining Defendant from the actual or threatened misappropriation of Knowmadics, Inc.'s trade secrets and confidential information, together with such other affirmative relief as may be necessary to protect Knowmadics, Inc.'s trade secrets and confidential information;

b. compensatory and increased damages for Defendants' wrongful actions;

c. an award of damages as just compensation to the plaintiff under Count II for unjust enrichment to the extent such damages and just compensation are not recovered under Count I for trade secrets misappropriation;

d. an award of punitive damages;

e. an award of attorney's fees and costs; and

f. such other relief that Plaintiff may be entitled to in law or equity.

Date: January 23, 2014

Respectfully submitted,

_____
John C. Hayes Jr.
R. Mark Halligan
Brian P. Donnelly, VSB 82052
**NIXON PEABODY LLP**
401 9th Street, N.W., Suite 900
Washington, D.C. 20004
Telephone: (202) 585-8345
Facsimile: (202) 585-8080
jhayes@nixonpeabody.com
rmhalligan@nixonpeabody.com
bdonnelly@nixonpeabody.com

*Attorneys for Plaintiff
Knowmadics, Inc.*

\* \* \*

### JURY DEMAND

Knowmadics, Inc., respectfully demands a trial by jury of all issues triable by a jury.